## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:13-cv-2330<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kevin Sterk ("Plaintiff" or "Sterk") brings this Class Action Complaint ("Complaint") against Defendant Path, Inc. ("Defendant" or "Path") to stop its practice of making unauthorized text message calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendant operates one of the largest social networks in the United States. In an attempt to promote its service, Defendant made (or directed to be made on its behalf) unauthorized text message calls to the cellular telephones of consumers throughout the country—without prior consent—in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      Neither Plaintiff nor any other member of the putative Class has ever provided Defendant with their cellular telephone numbers, let alone provided it with consent to send them promotional text messages.

3.      By making these unauthorized text message calls, Defendant has caused

1

consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text message calls.

4.     On behalf of himself and the putative Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message call activities alleged herein and an award of statutory damages to Plaintiff and the members of the putative Class, together with costs and reasonable attorneys' fees.

## PARTIES

5.     Plaintiff Kevin Sterk is a natural person and citizen of the State of Illinois.

6.     Defendant Path, Inc. is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located at 301 Howard Street, Suite 2200, San Francisco, California 94105. Path conducts business throughout this District, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the action arises under the TCPA. This Court has personal jurisdiction over Defendant because Defendant conducts significant business transactions in this District, solicits consumers in this District, and because Defendant made and continues to make unauthorized text message calls to putative Class members located in this District.

8.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts significant business transactions in this District, solicits consumers in this District, and because Defendant makes unauthorized text message calls to putative Class members located in

this District.

## COMMON FACTUAL ALLEGATIONS

9.      In recent years, marketers who often have felt stymied by federal laws limiting

solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative

technologies through which to send bulk correspondence cheaply.

10.     A "Short Message Service" or "SMS" is a messaging system that allows cellular

telephone subscribers to use their cellular telephones to send and receive short text messages,

usually limited to 160 characters.

11.     An "SMS message" is a text message call directed to a wireless device through

the use of the telephone number assigned to the device. When an SMS message call is

successfully made, the recipient's cell phone rings, alerting him or her that a call is being

received. As cellular telephones are inherently mobile and are frequently carried on their owner's

person, calls to cellular telephones, including SMS messages, may be received by the called

party virtually anywhere worldwide.

12.     For instance, in or around March 2013, Plaintiff Sterk's cellular telephone rang,

indicating that a text message call was being received.

13.     The "from" field of such transmission was identified cryptically as "59730," a

format which is an abbreviated telephone number known as an SMS short code operated by

Defendant or Defendant's agents. The text message call stated that it was from Defendant. The

body of the text message call read:

> Elizabeth Howell wants to
> show you photos on Path.
> Get the app: https://path.com/i/2Mt2p6

14.     Each promotional text message call received by Plaintiff and the putative Class

3

contained a direct hyperlink to Defendant's website, where it encouraged consumers to "Create a Path Account." Specifically, each hyperlink associated with these promotional text message calls directed the user to a registration page that contained the same or substantially similar advertisement show in in Figure 1 below. *See* Figure 1 (showing a screenshot of an advertisement displayed on the website associated with Defendant's promotional text message calls).



(Figure 1.)

15.     Tellingly, if consumers, including Plaintiff or the putative Class, navigated to the hyperlink contained in the promotional text message call—to supposedly see the "photos" identified in the text message call above—the effect of Defendant's text message marketing campaign became apparent. That is, after consumers clicked on the hyperlink, Defendant would immediately direct them to its webpage (which, at all times relevant, it owned, created, and controlled), wherein the consumer is urged to register for its service.

16.     Defendant created the promotional text message program at issue, and maintained exclusive control over the manner and means by which such text messages were sent.

17.     Ostensibly, Defendant made, and continues to make, these unauthorized text message calls to consumers so that it can solicit them to register for its service.

18.     Plaintiff did not consent to, request, or otherwise desire or permit Defendant to transmit or make any promotional text message calls to his cellular telephone.

19.     Defendant did not obtain consent from Plaintiff or the putative Class to make promotional text message calls to their cellular telephones. Moreover, none of Defendant's promotional text message calls made by Defendant provided Plaintiff or the putative Class with a reasonable opportunity to opt out of receiving future promotional text message calls.

20.     The promotional text message calls alleged herein were not made by any other consumer and were solely made by Defendant.

21.     Defendant made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

22.     On information and belief, Defendant made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

## CLASS ALLEGATIONS

23.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All persons in the United States who received one or more unauthorized text message calls from (or on behalf of) Path, Inc.

> Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling

5

interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate

Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3)

persons who execute and file a timely request for exclusion, (4) all persons who have previously

had claims similar to those alleged herein finally adjudicated or who have released their claims

against Defendant, and (5) the legal representatives, successors, or assigns of any such excluded

person.

24.     **Numerosity**: The exact number of Class members is unknown and not available

to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and

belief, Defendant has made unauthorized promotional text message calls to thousands of

consumers who fall into the definition of the Class. Class members can be identified through

Defendant's records.

25.     **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the putative Class, and those questions predominate over

any questions that may affect individual members of the Class. Common questions for the Class

include, but are not necessarily limited to the following:

      (a)     whether Defendant's conduct constitutes a violation of the TCPA;

      (b)     whether the equipment Defendant used to make the text message calls in
                question was an automatic telephone dialing system as contemplated by
                the TCPA; and

      (c)     whether Class members are entitled to treble damages based on the
                willfulness of Defendant's conduct.

26.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's

uniform wrongful conduct and unauthorized text message calls.

27.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

28.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

29.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct. Even if members of the Class could sustain such individual

litigation, it would still not be preferable to a class action, because individual litigation would

increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single Court. Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

30.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

31.     Defendant made unauthorized commercial text message calls to the cellular

telephone numbers of Plaintiff and the putative Class using equipment that, upon information

and belief, had the capacity to store or produce telephone numbers to be called, using a random

or sequential number generator.

32.     These text message calls were made *en masse* and without the prior express

consent of the Plaintiff and the other members of the putative Class.

33.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of

Defendant's illegal conduct, Plaintiff and the members of the putative Class suffered actual

damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in

damages for each violation of such act.

34.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kevin Sterk, individually and on behalf of the Class, prays for the following relief:

(a)     An order certifying the Class as defined above, appointing Plaintiff Sterk as the representative of the Class, and appointing his counsel as Class Counsel;

(b)     An award of actual and statutory damages;

(c)     An injunction requiring Defendant to cease all unauthorized text message activities, and otherwise protecting the interests of Plaintiff and the Class;

(d)     An award of reasonable attorneys' fees and costs; and

(e)     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 28, 2013                    **KEVIN STERK**, individually and on behalf of all others similarly situated,


By: /s/ Ari J. Scharg
    One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
David I. Mindell
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654

9

jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
dmindell@edelson.com
Tel: (312) 589-6370
Fax: (312) 589-6378

*Counsel for Plaintiff Sterk and the Putative Class*