IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:13-cv-02330<br><br>Judge: Hon. Samuel Der-Yeghiayan<br><br>Action Filed: March 28, 2013 |

## JOINT INITIAL STATUS REPORT

Plaintiff Kevin Sterk ("Plaintiff" or "Sterk") and Defendant Path, Inc. ("Defendant" or "Path") (collectively, the "Parties"), hereby submit the following Joint Initial Status Report pursuant to this Court's Initial Status Report Order and Federal Rule of Civil Procedure 26(f)(2).

**Attorneys of Record for Plaintiff Sterk**: Jay Edelson, Rafey S. Balabanian (lead trial attorney) Ari J. Scharg, Benjamin S. Thomassen, and David I. Mindell of Edelson LLC.

**Attorneys of Record for Defendant Path**: Brandee L. Caswell, Patrick M. Miller, Colby Kingsbury (lead trial attorney), Eileen M. Hunter, and Amber L. Abbuhl of Faegre Baker Daniels, LLP.

**1.    NATURE OF CLAIMS AND COUNTERCLAIMS.**  According to Plaintiff, this lawsuit arises out of Path's alleged practice of making unauthorized promotional text message calls to the cell phones of Sterk and the putative Class in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Path denies any violation of the TCPA occurred. Defendant asserts that Path is a social media mobile application which was used by Sterk's contact/friend Elizabeth Howell to send a message to Sterk for her own personal friendship/networking purposes.

**2. RELIEF SOUGHT BY PLAINTIFF.** Sterk, on behalf of himself and the putative Class, seeks the following relief: (1) an order certifying the Class, appointing Sterk as the representative of the Class, and appointing his counsel as Class Counsel; (2) an award of actual and/or statutory damages under 47 U.S.C. § 227(b)(3)(B)-(C); (3) an injunction under § 227(b)(3)(A) requiring Path to cease from making promotional text message calls without prior express consent; (4) an award of reasonable attorneys' fees and costs; and (5) such further relief the Court deems reasonable and just.

**3. NAMES OF PARTIES NOT SERVED.** None.

**4. PRINCIPAL LEGAL ISSUES.** According to Plaintiff, there are three major legal issues in this matter: (1) whether Path's conduct violates the TCPA; (2) whether Path's violation of the TCPA was willful such that Sterk and the putative Class members are entitled to treble damages; and (3) whether class certification is appropriate.

According to Path, the additional legal issues in this matter are: (1) whether Plaintiff has sufficiently pleaded a claim for relief under the TCPA; (2) whether the Court should dismiss or stay this action under the doctrine of primary jurisdiction; (3) whether Sterk consented to the informational text message, either expressly or impliedly, when he provided his mobile number to Ms. Howell; and (4) if Plaintiff did not consent to such a text message, whether Plaintiff's contact/friend, Ms. Howell, violated her user agreement with Path and/or violated the TCPA by sending the text message to Sterk through Path's smart phone application.

**5. PRINCIPAL FACTUAL ISSUES**. According to Plaintiff, there are three major factual issues in this matter: (1) whether Path made one or more unsolicited promotional text message calls to Sterk and the putative Class; (2) whether an automatic telephone dialing system ("ATDS") was used to transmit the promotional text message calls at issue; and (3) whether

Sterk and the proposed Class provided their prior express consent to receive such promotional text message calls.

According to Path, additional specific factual issues in this action are: (1) the relationship between Ms. Howell and Sterk; (2) Ms. Howell's use of the Path mobile application to allegedly send a text message to Sterk; and (3) whether Sterk provided his prior express or implied consent to receive a text message from Ms. Howell via Path.

**6. PENDING MOTIONS.** There are two motions currently pending:

(i) <u>Plaintiff's Motion for Class Certification</u>. (Dkt. No. 2.) Sterk filed his Motion for Class Certification to prevent Path from attempting to moot his representative claims through a so-called "buy-off" (i.e., tendering to him the full amount of his individual damages alleged in the Complaint). In his motion, Sterk requests that the Court delay ruling and allow him to file a supplemental motion for class certification at the close of discovery.

(ii) <u>Path's Motion to Dismiss and/or to Stay</u>. (Dkt. No. 15) Path filed its Combined Motion to Dismiss and/or Motion ("Motion") to Stay on the grounds that: (1) Plaintiff Kevin Sterk has failed to sufficiently plead a claim under the TCPA, and (2) this Court should dismiss or stay this action under the doctrine of primary jurisdiction in order to allow the FCC to rule on two novel issues of law currently pending before the FCC that are squarely raised in this action.

**7. DESCRIPTION OF DISCOVERY REQUESTED AND EXCHANGED.** The Parties conducted their Rule 26(f) conference on May 8, 2013. Thereafter, Sterk issued third-party subpoenas on Neustar, Inc. and Facebook, Inc. on May 9, 2013, and propounded his First Sets of Interrogatories and Requests for the Production of Documents on Path on May 15, 2013. It is Path's position that Sterk propounded this discovery knowing that Path intended to seek dismissal and/or a stay of this litigation. Given this, and the issues of primary jurisdiction raised

by Path's Motion, Path requests that Sterk's discovery be held in abeyance until the Court resolves Path's Motion.

8. **TYPE OF DISCOVERY NEEDED.** Plaintiff anticipates that written and oral discovery will be needed on the following non-exhaustive topics: (1) whether Path (or its agents) placed one or more promotional text message calls to Sterk and the putative Class; (2) the manner in which such promotional text message calls were made; (3) whether the equipment that Path (or its agents) used to make the promotional text message calls in question was an ATDS as contemplated by the TCPA; (4) whether Path received Sterk's or the putative Class members' prior express consent before making such promotional text message calls to their cellular telephones; (5) the manner in which Path obtained Sterk's and the putative Class members' cellular phone numbers; (6) whether Path's conduct was willful; and (7) the number of individuals in the putative Class.

Path also anticipates written and oral discovery will be needed on the following topics: (1) the relationship between Elizabeth Howell and Sterk; (2) wireless communications and contacts via telephone and text messaging between Elizabeth Howell and Sterk; (3) Elizabeth Howell's access to and use of Path's mobile application; (4) Sterk's access to and use of Path's mobile application; and (5) the adequacy of Sterk to serve as a class representative.

9. **PROPOSED DATES.**[1] Subject to Footnote 1, the Parties propose the following dates for this case:

---

[1] Defendant proposes that the Court stay the issuance of a scheduling order until its Combined Motion to Dismiss and/or Motion to Stay has been decided. In the alternative, Defendant proposes that the Court issue a scheduling order that springs from the date the Court decides that motion. Defendant further proposes that, in any schedule entered, the Court bifurcate discovery into two stages with class-certification first, followed by merits discovery after the Court determines whether to certify one or more classes. Plaintiff opposes each of Defendant's proposals.

| Event/Deadline | Deadline / Terms |
|---|---|
| Exchange Rule 26(a)(1) Disclosures | Plaintiff proposes: June 3, 2013<br>Defendant proposes: <u>3 weeks</u> after the Court's order on Defendants' Combined Motion to Dismiss and/or Motion to Stay ("Def. Motion") |
| Completion of Fact Discovery | Plaintiff proposes: January 13, 2014.<br>Defendant proposes: <u>8 months</u> after the Court's order on Def. Motion. |
| Plaintiff to Identify Expert(s) and Submit Expert Report(s) | Plaintiff proposes: February 12, 2014.<br>Defendant proposes: <u>1 month</u> after the close of fact discovery. |
| Defendant to Identify Expert(s) and Submit Expert Report(s) | Plaintiff proposes April 2, 2014.<br>Defendant proposes: <u>6 weeks</u> after Plaintiff's expert report is submitted. |
| Completion of Expert Discovery | Plaintiff proposes: June 18, 2014.<br>Defendant proposes: <u>4 weeks</u> after the final expert report, whether primary or rebuttal, is submitted, whether by Plaintiff or Defendant. |
| Suppl. Motion for Class Certification | Plaintiff proposes: July 18, 2014.<br>Defendant proposes: <u>8 weeks</u> after the expert deposition deadline. |
| File Dispositive Motions | Plaintiff proposes: 45 Days After The Court's Ruling On Plaintiff's Supplemental Motion For Class Certification.<br>Defendant proposes: The deadline should be set in an amended "merits-phase" scheduling order issued after class certification discovery is complete and the Court issues a class certification order. |
| File Final Pretrial Order | Plaintiff proposes: 45 Days After The Court's Ruling On Any Dispositive Motions.<br>Defendant proposes: The deadline should be set in an amended "merits-phase" scheduling order issued after class certification discovery is complete and the Court issues a class certification order. |

**10.     ESTIMATION OF WHEN THE CASE WILL BE READY FOR TRIAL.** Plaintiff estimates that the case will be ready for trial on January 12, 2015. Defendant does not believe it is possible to provide a trial-ready date until after class certification is decided.

**11.     PROBABLE LENGTH OF TRIAL.** Approximately 3-5 days.

**12.     DEMAND FOR JURY TRIAL.** Plaintiff has demanded a jury trial.

**13.     STATUS OF SETTLEMENT DISCUSSIONS.** None to date.

**14.     CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE.** None.

Respectfully submitted,

**EDELSON LLC**

Dated: May 21, 2013 By: /s/ Ari J. Scharg
One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Benjamin S. Thomassen
David I. Mindell
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
bthomassen@edelson.com
dmindell@edelson.com

*Counsel for Plaintiff Sterk and the Putative Class*

**FAEGRE BAKER DANIELS LLP**

Dated: May 21, 2013 By: /s/ Patrick M. Miller
One of Defendant's Attorneys

Brandee L. Caswell (admission pending)
Patrick M. Miller
Colby Kingsbury
Eileen M. Hunter
Amber L. Abbuhl (admission pending)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois 60606
*brandee.caswell@faegrebd.com*
*patrick.miller@faegrebd.com*
*colby.kinsbury@faegrebd.com*
*eileen.hunter@faegrebd.com*
*amber.abbuhl@faegrebd.com*

*Counsel for Defendant Path, Inc.*

**CERTIFICATE OF SERVICE**

      I, Ari J. Scharg, an attorney, hereby certify that on May 21, 2013, I served the above and foregoing ***Joint Initial Status Report*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this 21st day of May 2013.

                                            /s/ Ari J. Scharg