*MA*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN STERK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 2330 |
| | ) | |
| PATH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Path, Inc.'s (Path) motion to dismiss and motion in the alternative to stay. For the reasons stated below, the motion to dismiss and the motion to stay are denied.

## BACKGROUND

Plaintiff Kevin Sterk (Sterk) alleges that Path operates one of the largest social networks in the United States. Sterk contends that through the Short Messaging Service (SMS) on his mobile phone, he received an unsolicited promotional message (Message) from Path. Sterk contends that when he responded to the Message it contained a hyperlink to Path's webpage where he was urged to register for a Path account. Sterk contends that Path used a random or sequential number generator to

send messages such as the Message to Sterk and numerous other individuals. Sterk

includes in his complaint a claim alleging a violation of the Telephone Consumer

Protection Act of 1991 (TCPA), 47 U.S.C. § 227. Path now moves to dismiss the

instant action, and in the alternative to stay the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences

that favor the plaintiff, construe the allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th

Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2002). A plaintiff is required to include allegations in the complaint that "plausibly

suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive

a motion to dismiss, the complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face," and that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

2

alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Path argues that Sterk has failed to allege sufficient facts to state a valid claim for relief. Path also requests in the alternative that the court stay the instant action pending a ruling by the Federal Communications Commission (FCC).

I. Motion to Dismiss

Path contends that Sterk has failed to allege sufficient facts to state a valid claim under the TCPA. The TCPA provides in pertinent part the following:

> It shall be unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system* or an artificial or prerecorded voice - to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii)(emphasis added). Path argues that Sterk has failed to allege facts to suggest that Path used an automatic telephone dialing system. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Sterk specifically alleges in his complaint that Path used equipment that "had the

3

capacity to store or produce telephone numbers to be called, using a random or sequential number generator" to send the Message and the messages to other individuals. (Compl. Par. 31). Sterk has thus alleged facts that would suggest that Path used an automatic telephone dialing system. Path contends that Sterk should allege more detailed facts, but all Sterk is required to present at this juncture is facts that suggest that an automatic dialing system was used, which Sterk has done. Sterk is not required at this juncture to have any specific information concerning the precise equipment used by Path prior to discovery. The court notes that if a plaintiff was required for example, prior to discovery, to provide detailed information concerning the precise equipment, no plaintiff would ever likely be able to bring a claim under 47 U.S.C. § 227(b)(1)(A)(iii).

Path also disputes the facts alleged by Sterk in the complaint, and Path attempts to introduce evidence such as a declaration in an attempt to prove that its equipment would not qualify as an automatic telephone dialing system. (Mem. Dis. 11). Path attempts, for example to establish through evidence that its "system is technologically incapable of texting or calling any telephone numbers in a random or sequential way." (Mem. Dis. 11). Path also attempts to introduce facts that are not included in the complaint such as Path's contention that the Message contained the name of an actual person who is an acquaintance of Sterk. (Mem. Dis. 8). However, it is premature at the motion to dismiss stage for the court to consider facts and evidence outside of the pleadings, and, at this juncture, the facts presented by Sterk must be accepted as true. *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622; *see*

4

also *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)(stating that the

"consideration of a motion to dismiss is limited to the pleadings"). Therefore, Path's

motion to dismiss is denied. The court notes that at the summary judgment stage,

Sterk will need to point to sufficient evidence to support his TCPA claim.


II. Motion to Stay

Path requests in the alternative that the court stay the instant action, pending a

decision by the FCC. Path contends that FCC regularly adopted regulations

implementing the TCPA's prohibition on the usage of autodialers. Path contends

that FCC has been asked to clarify the meaning of the term "automatic telephone

dialing system." Path argues that the court should stay the instant action pending

guidance from the FCC. However, the issue before the court at this juncture is not

whether Path actually used equipment that constituted an automatic telephone dialing

system. The issue at this juncture is whether Sterk alleged sufficient facts to suggest

that an automatic telephone dialing system was used by Path. Based on the general

definition provided in the TCPA, Sterk has met his pleading burden. At the

summary judgment stage, Sterk may attempt to establish that the equipment used by

Path actually qualified as an automatic telephone dialing system and evidence

relating to the actual equipment used by Path. However, it is premature at the motion

to dismiss stage to consider such matters. Judicial economy would not be served if

this case is allowed to stagnate on the court docket, waiting indefinitely for a

decision by the FCC which may or may not be relevant. The court concludes that the

appropriate course at this juncture is for the parties to proceed with limited discovery. Since it appears that whether the equipment used by Path qualified as an automatic telephone dialing system is one of the key issues in this case, the court will allow the parties to conduct limited discovery on that issue and, if warranted, will give the parties an opportunity to file dispositive motions. Therefore, the motion to stay is denied.

## CONCLUSION

Based on the foregoing analysis, Path's motion to dismiss and motion to stay are denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   September 26, 2013