IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>PATH, INC., a Delaware corporation,<br><br>     Defendant. | Case No. 1:13-cv-02330<br><br>[Hon. Samuel Der-Yeghiayan] |

**PLAINTIFF STERK'S MOTION TO STRIKE DEFENDANT PATH, INC.'S "REPLY" IN SUPPORT OF ITS LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

  Plaintiff Kevin Sterk ("Plaintiff"), by and through his undersigned counsel, pursuant to Local Rule 56.1(a), respectfully moves the Court for an Order striking Defendant Path, Inc.'s Reply to Plaintiff Sterk's Response to Defendant's Local Rule 56.1 Statement of Material Facts. In support of his motion, Plaintiff states as follows:

  1. On January 31, 2014, Defendant Path, Inc. ("Path") filed a Motion for Summary Judgment (dkt. 73), along with its Local Rule 56.1 Statement of Material Facts (dkt. 76).

  2. Plaintiff thereafter timely filed his Response in Opposition to Path's Motion for Summary Judgment (dkt. 83) and Response to Path's Local Rule 56.1 Statement of Material Facts (dkt. 84). It is undisputed that neither document introduced or submitted any additional facts into the record.

  3. Nonetheless, on March 28, 2014, Path filed *both* a Reply in Support of its Motion for Summary Judgment, as well as, a 14-page pleading styled "Defendant's Reply to Plaintiff Sterk's Response to Defendant's Local Rule 56.1 Statement of Material Facts" (the "Rule 56.1 Reply") (dkt. 103).

1

4.     Path's Rule 56.1 Reply is procedurally improper and should be stricken for two reasons. First, Local Rule 56.1(a) does not allow a moving party to file a reply to an opposing party's response to its statement of material facts. *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 827 n.27 (N.D. Ill. 2005) ("a summary judgment movant is entitled to reply to arguments made in the non-movant's response brief; *it is not entitled to reply to the non-movant's response to its statement of facts*") (emphasis added); *see also Groshon v. Trans Union, LLC,* 2014 WL 683747, at *8 n.1 (N.D. Ill. Feb. 21, 2014) (striking defendant's reply to plaintiff's response to defendant's statement of facts "because Local Rule 56.1(a) does not permit such a filing"); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 778 n.4 (N.D. Ill. 2010) ("The Court *sua sponte* strikes defendants' reply to plaintiffs' response to defendants' statement of facts because Local Rule 56.1 does not contemplate such a filing").[1]

5.     Second, the substance of Path's 14-page Rule 56.1 Reply contains nothing but factual and legal argument. *See, e.g.,* Dkt. 103 at 3 (arguing that "Plaintiff frequently purports to 'dispute' a fact, but then makes statements and cites evidence that are either consistent with the asserted fact, or relate to an entirely different and immaterial subject matter" and that "Plaintiff's responses also frequently mischaracterize the evidence he cites and fail to cite any evidence that contradicts Path's statements."). Rule 56.1 statements that contain factual or legal argument violate the Local Rules. *Northbound Grp., Inc. v. Norvax, Inc.,* 2013 WL 6987185, at *2 (N.D. Ill. Dec. 3, 2013); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529

---

[1]     The only exception to this rule is that a summary judgment movant may respond to *additional facts* submitted by the opposing party. *See* L.R. 56.1(a) ("If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response"). Even though Path does not contend that Plaintiff submitted any additional facts—and thus does not rely on this exception for permission to file its Rule 56.1 Reply—it should nevertheless be noted that the exception is inapplicable.

F.3d 371, 382 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts"); *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 880 (N.D. Ill. 2005) ("arguments related to the relevance of evidence are properly made in the memoranda supporting or opposing summary judgment, *not in the Local Rule 56.1 statements or responses*") (emphasis added); *ExxonMobil Oil Corp. v. Amex Const. Co., Inc.*, 702 F. Supp. 2d 942, 958 n.5 (N.D. Ill. 2010) (striking all legal argument contained in a response to movant's statement of facts as improper); *Coyne v. Strategic Bus. Partners, LLC*, 2011 WL 892652, at *3 n.7 (N.D. Ill. Mar. 14, 2011) ("Local Rule 56.1, however, does not allow a party to submit argument on the insufficiency of the opposing party's response to 56.1 statements").[2]

6. Accordingly, Path's Rule 56.1 Reply—which is procedurally improper and contains improper argument—should be stricken.

WHEREFORE, Plaintiff Sterk respectfully requests that the Court enter an Order (i) striking Path's Rule 56.1 Reply (Dkt. 103), and (ii) awarding such further relief that the Court deems equitable and just.

Respectfully submitted,

**KEVIN STERK**, individually and on behalf of all others similarly situated,

Dated: April 14, 2014                By: /s/ John C. Ochoa
                                         One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg

---

[2] In addition to violating the Local Rules, Path's 56.1 Reply also "circumvents the the Court's page limits for summary judgment briefing by including legal argument." *Civix-DDI, LLC*, 387 F. Supp. 2d at 880. *See Solaia Tech,* 361 F. Supp. 2d at 826-27 (finding that the filing of an argumentative Rule 56.1 statement was an "improper attempt to file seven additional pages of argument in violation of page limits for the briefs" and striking such pleading as an "egregious violation").


ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
Mark S. Eisen
meisen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Sterk and the putative Class*

**CERTIFICATE OF SERVICE**

      I, John C. Ochoa, an attorney, hereby certify that on April 14, 2014, I served the above and foregoing *Plaintiff Kevin Sterk's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts*, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 14th day of April 2014.

                                              /s/ John C. Ochoa