IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 2330 |
| | ) |
| PATH, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Kevin Sterk's (Sterk) partial motion for summary judgment and motion to strike, and on Defendant Path, Inc.'s (Path) motion for summary judgment and motion to strike. For the reasons stated below, Sterk's partial motion for summary judgment is granted and his motion to strike is granted, and Path's motion for summary judgment is denied and its motion to strike is denied.

**BACKGROUND**

Sterk contends that Path operates one of the largest social networks in the United States. Sterk claims that through the Short Messaging Service on his mobile phone, he received an unsolicited promotional text message (Text) from Path. Sterk

claims that Path has used automated machines to send such unsolicited text messages to consumers nationwide, inconveniencing consumers, and causing such consumers to bear the burden of paying for the text message calls. Sterk includes in his complaint a claim alleging a violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227. The court allowed the parties to conduct limited discovery on the issue of whether the Text was transmitted via an automatic telephone dialing system (ATDS) under the TCPA. Sterk now moves for partial summary judgment and moves to strike certain evidence presented by Path. Path moves for summary judgment and moves to strike certain evidence presented by Sterk.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In

ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe all inferences in favor of the party against whom the motion under consideration is made." *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 606 (7th Cir. 2007)(internal quotations omitted); *see also Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007).

**DISCUSSION**

I.  Sterk's Motion to Strike

Sterk moves to strike David Strandness' (Strandness) declaration (Strandness Declaration) submitted by Path with its motion for summary judgment. Sterk contends that the statements included in paragraphs 5 and 7 of the Strandness Declaration constitute inadmissible hearsay. In ruling on a motion for summary judgment, "the court may consider any evidence that would be admissible at trial." *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012). The evidence produced at the summary judgment stage need not itself be the evidence that would be presented at trial. *Id.* It need only "be admissible in content." *Id.* (internal quotations omitted)(quoting *Stinnett v. Iron Works Gym/Exec. Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002))(stating that "for example, affidavits are not normally

admissible at trial"). Pursuant to Federal Rule of Civil Procedure 56(c), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated," and "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c).

Strandness states that on October 22, 2013, he called Elizabeth Howell (Howell) who was listed in Path's user database. (Str. Decl. Par. 2). Strandness claims that when he was finally able to talk to Howell, he told Howell that he is an attorney representing Path in this action and that Sterk has asserted in this action that he had received the Text from Howell inviting him to use Path's social networking service. (Str. Decl. Par. 2-4). Strandness also claims that he asked Howell if she knew Sterk. (Str. Decl. Par. 4). In paragraph 5 of the Strandness Declaration, which Sterk seeks to bar, Strandness states: "Ms. Howell explained that she had exchanged phone numbers with Mr. Sterk about three years ago when he helped her plan her birthday party in Chicago." (Str. Decl. Par. 5). According to Strandness, Howell also "said that after they exchanged phone numbers, they subsequently corresponded by cell phone and text message." (Str. Decl. Par. 5). Strandness indicates that he then viewed the Pinterest webpage of a Pinterest user identified as Kevin Sterk. (Str. Decl. Par. 6-7). In paragraph 7 of the Strandness Declaration, which Sterk objects to, Strandness states that "[a]ccording to this webpage one of the Pinterest users that Mr.

4

Sterk is following is Elizabeth Howell. . . ." (Str. Decl. Par. 7).

Sterk contends that the statements allegedly made by Howell that are included in paragraphs 5 and 7 of the Strandness Declaration are inadmissible hearsay. Pursuant to Federal Rule of Evidence 802, "[h]earsay is not admissible unless" a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" "provide otherwise." Fed. R. Evid. 802. Hearsay is defined as "a statement that . . . the declarant does not make while testifying at the current trial or hearing," and which is offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801; *see also Stollings v. Ryobi Technologies, Inc.*, 725 F.3d 753, 761 (7th Cir. 2013)(stating that a "classic hearsay" is "an out-of-court statement offered to prove its truth").

The statements made by Howell would constitute statements made by a declarant outside of a court hearing. Thus, if Path sought to introduce such statements to establish the truth of the facts relating to Howell's relationship with Sterk, such statements would constitute hearsay. Path points to no exceptions to the hearsay rule that would be applicable. *See* Fed. R. Evid. 803 (listing hearsay exceptions). Path argues that such evidence would be admissible for impeachment purposes if Sterk claimed that he had a different relationship with Howell. However, as Path acknowledges, the statements in the Strandness Declaration relate to a potential consent defense, which does "not bear on the ATDS question" at issue in the instant dispositive motions. (Ans. Sterk Strike 3). Thus, Path improperly

5

presented the statements in paragraphs 5 and 7 of the Strandness Declaration in support of its summary judgment motion relating to the limited ATDS issue now before this court. Therefore, Sterk's motion to strike is granted, and paragraphs 5 and 7 of the Strandness Declaration are stricken.

II. Path's Motion to Strike

Path moves to strike the following presented by Sterk in support of his partial motion for summary judgment: (1) portions of the Second Amended Expert Witness Report (Snyder Report) of Sterk's proposed expert Randall A. Snyder (Snyder), (2) three articles, and (3) documents produced by Neustar, Inc. (Neustar Documents).

A. Snyder Report

Path seeks to strike Sections II.B, II.D, II.E, II.F, and II.G of the Snyder Report. As explained above, in ruling on a motion for summary judgment, a court should consider only admissible evidence or at least materials that represent the content of the admissible evidence that would be presented at trial. *Harney*, 702 F.3d at 922. Federal Rule of Evidence 702 provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Path argues that in the portions of the Snyder Report objected to by Path, Snyder offers his opinion as to what he believes the TCPA prohibits, how FCC rulings should be interpreted, and whether certain legal standards have been met in this case. However, Snyder merely discusses the law and facts to give a background and overview for his report. Also, pursuant to Federal Rule of Evidence 704, Snyder is not barred from giving an opinion as to the ultimate issue before the trier of fact. Fed. R. Evid. 704. Path has not shown that Snyder has overstepped his bounds as an expert witness or that Snyder is attempting to instruct the court as to the law as a legal expert. Therefore, no section of the Snyder Report is stricken.

### B. Articles

Path moves to strike the Articles presented by Sterk in support of his partial motion for summary judgment. Path contends that the statements made in such articles are inadmissable hearsay. Sterk argues that he would not introduce the Articles to show the truth of the statements contained in the Articles. Sterk has provided a legitimate basis for the potential introduction of the Articles at trial. Therefore, the Articles are not stricken.

### C. Neustar Documents

Path moves to strike the Neustar Documents on the basis that they are not properly authenticated and are inadmissible hearsay. Sterk has cured any potential deficiency in authentication with a later filed declaration. Sterk has also shown that

7

the Neustar Documents that are computer records fall under the business records hearsay exception. Path also moves to strike an email (Email) in the Neustar Documents on the basis that it was not properly authenticated and is inadmissible hearsay. Sterk has properly authenticated the Email and has indicated that he is not going to introduce the Email to establish the truth of any facts contained in the Email. Path has not shown at this juncture that the Neustar Documents are inadmissible for all purposes at trial. Therefore, the Neustar Documents are not stricken. Based on the above, Path's motion to strike is denied.

III. Motions for Summary Judgment

Sterk has filed a partial motion for summary judgment on the issue of whether the Text was sent via an ATDS. Path moves for summary judgment on that same issue. Path also moves for summary judgment as to Sterk's entire claim in this action.

A. Use of ATDS

The parties both argue that they are entitled to judgment as a matter of law as to whether Path used an ATDS to send the Text. The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009)(noting that

the FCC has confirmed that the ATDS restriction applied to text messages).

It is undisputed that when an individual creates a Path account, the user makes his or her phone contacts available to Path and that such contacts are then uploaded onto Path's system. (R DSF Par. 7-10). Path contends that Sterk admits: (1) that "Path does not have any equipment with the capacity to generate random phone numbers," (2) that "Path does not have equipment with the capacity to generate sequential phone numbers," and (3) that "Path does not possess a number generator, i.e. equipment that can generate random or sequential numbers." (R DSF Par. 15-17). Path contends that based on such admissions, Sterk cannot succeed on his TCPA claim. However, the Federal Communications Commission (FCC) has issued decisions stating that an ATDS may include equipment that automatically dials numbers from a stored list without human intervention, even when the equipment lacks the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. *See Legg v. Voice Media Group, Inc.*, 2014 WL 2004383, at *3 (S.D. Fla. 2014)(noting that "[t]he FCC determined that predictive dialers fall within the definition of an ATDS" and citing *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. 14014 (FCC 2003)); *Gragg v. Orange Cab Co., Inc.*, 2014 WL 494862, at *2 (W.D. Wash. 2014)(stating that the definition of an ATDS includes equipment that is "a predictive dialer with the capacity to dial telephone numbers from a list without human intervention" and citing *In the Matter of Rules & Regulations Implementing the TCPA of 1991*, 23 F.C.C.R. 559, 566 ¶ 14 (FCC 2008)); *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92, 101 (N.D. Ill.

9

2013)(stating that the "FCC has already ruled that a predictive dialer constitutes automatic telephone dialing equipment three times" and citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 19 FCC Rcd. 19215, 19215, n. 1 (2004)); *Vance v. Bureau of Collection Recovery LLC*, 2011 WL 881550, at *2 (N.D. Ill. 2011)(stating that "the FCC has indicated, and other courts have held, that predictive dialing systems do meet the definition of devices prohibited by the TCPA"). The FCC decisions regarding predictive dialers are final decisions by the FCC. *See Bennett v. Spear*, 520 U.S. 154, 177-178 (1997)(explaining requirements for an agency decision to be deemed final).

In general, a district court gives great weight, if not controlling weight, to final decisions of the FCC implementing and interpreting the TCPA. *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010)(stating that "[i]n passing the Hobbs Act, Congress vested the power of agency review of final FCC orders exclusively in the courts of appeals" and that "[t]he Hobbs Act's jurisdictional bar thus does not leave private parties without a mechanism for judicial review of agency action; it merely requires litigants to seek review through its specific procedural path"); *Jamison*, 290 F.R.D. at 97 (stating in a TCPA case that the court is "bound by the FCC's orders, which are final and controlling"). The undisputed facts show that Path acquires a stored list of phone numbers from users. The undisputed facts also show that Path's agent then uses automated equipment to make calls from that list. The FCC found that a predictive dialer, which makes calls from a database of numbers constitutes an ATDS. *In re Rules & Regulations Implementing*

*the TCPA*, 18 FCC Rcd. at 14091-92, 14143 n.31 (stating that "[a] predictive dialer is an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call"); *see also Legg*, 2014 WL 2004383, at *3 (stating that the FCC has held that "[p]redictive dialers are automated systems that call telephone numbers stored in pre-programmed lists or databases in a manner designed to maximize the efficiency of call centers"). The FCC emphasized that the main requirement for an ATDS is not the capacity to generate random or sequential numbers, but rather to be able to "dial numbers without human intervention." *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. at 14092. The undisputed facts show that the equipment used by Path, which makes calls from a stored list without human intervention is comparable to the predictive dialers that have been found by the FCC to constitute an ATDS. The uploading of call lists from Path users is essentially the same as when a call list is entered by a telemarketer in a database. It is the ultimate calling from the list by the automated equipment that is the violation of the TCPA.

     Path argues that when Path users choose through clicking prompts to upload their phone contacts, such actions constitute "human intervention." (Ans. PSJ 13-14). However, such conduct by Path users merely relates to the collection of numbers for Path's database of numbers. The undisputed evidence shows that the equipment used by Path's agent made calls from the list without human intervention. It is such calling that the section of the TCPA at issue in this case covers, not the

11

collection of numbers for storage.

Path also points to the 2012 FCC decision in *In re Rules & Regulations Implementing the TCPA*, 27 FCC Rcd. 15391 (FCC 2012), contending that the FCC indicated that it was not removing the requirement for a random or sequential number generator. (Ans. PSJ 6). However, in the portion of the FCC ruling cited by Path, the FCC merely reiterated that the equipment used does not have to actually have made a call using a random or sequential number generator, and that it only needs the capacity to do so. *In re Rules & Regulations Implementing the TCPA*, 27 FCC Rcd. at 15391 n.5. The FCC did not indicate that it was withdrawing its prior decisions providing an alternative basis for an ATDS if the equipment constitutes a predictive dialer. The FCC in fact supported its prior decisions by stating that an ATDS covers "any equipment that has the specified *capacity* to generate numbers and dial them without human intervention. . . ." *Id.* Thus, the FCC did not, as Path asserts, reaffirm the requirement for a random or sequential number generator capacity. Therefore, Sterks' partial motion for summary judgment is granted and Path's motion for summary judgment is denied.

The court also notes that even if the FCC rulings were not controlling in this case, this court agrees with the reasoning set forth in such rulings. The congressional history of 47 U.S.C. § 227(a)(1) shows that Congress envisioned that the language in the TCPA might not be able to account for future changes in technology, and that the FCC might need to interpret the TCPA to account for changes in technologies. *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. at 14092-93. The FCC

explained in 2003 that "[i]n the past, telemarketers may have used dialing equipment to create and dial 10-digit telephone numbers arbitrarily," but that "the evolution of the teleservices industry has progressed to the point where using lists of numbers is far more cost effective." *Id.* The interpretation of the TCPA by the FCC is well-reasoned and is appropriate to address the well-founded concerns by the FCC as to the threats posed to the public welfare and safety by certain telemarketing practices. Path also argues that the FCC's interpretation leads to absurd results where even a cell phone could constitute an ATDS if able to make calls from a list. However, as Plaintiffs point out, the TCPA does not bar the ownership of an ATDS. The TCPA bars the improper use of an ATDS to harass unsuspecting consumers and place the public safety at risk. If a person used a cell phone to send countless unsolicited text messages that harmed the public welfare in such a fashion, it would not be an absurd result to find that the cell phone user had violated the TCPA. Thus, even if the FCC's rulings were not controlling on this court, this court concurs with such rulings.

Path also argues that the FCC's rulings are unconstitutionally overbroad and vague. Generally, when a party challenges a governmental action on its face based on "vagueness and overbreadth grounds, the 'court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected' speech." *Wisconsin Right To Life, Inc. v. Barland*, 2014 WL 1929619 (7th Cir. 2014)(quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982)). In the instant action, there has been no showing by Path that

13

the FCC's rulings would limit a substantial amount of constitutionally protected speech. In fact, the FCC explained in its rulings that "[t]he TCPA does not ban the use of technologies to dial telephone numbers," and that it "merely prohibits such technologies from dialing emergency numbers, health care facilities, telephone numbers assigned to wireless services, and any other numbers for which the consumer is charged for the call." *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. at 14092-93. The FCC's rulings provide clear guidance to telemarketers and are not overly broad. Telemarketers do not have a constitutionally protected right to foist their operating costs on unsuspecting members of the public or to place the public's safety at risk. Path has thus failed to show that any of the FCC's rulings were unconstitutional.

      B. TCPA Claim

Path moves for summary judgment on Sterk's entire TCPA claim, arguing that no such claim can stand in the absence of the use of an ATDS. Since the undisputed facts show that Path used an ATDS to send the Text, Path's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Sterk's partial motion for summary judgment is granted and his motion to strike is granted, and Path's motion for summary judgment is denied and its motion to strike is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 30, 2014