IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>PATH, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 1:13-cv-02330<br><br>[Hon. Samuel Der-Yeghiayan]<br><br>Action Filed: March 28, 2013 |

**PLAINTIFF KEVIN STERK'S OPPOSITION TO DEFENDANT'S
MOTION FOR CERTIFICATION UNDER 28 U.S.C. 1292(b)**

**TABLE OF CONTENTS**

**INTRODUCTION** ...................................................................................................................1

    **I.**    **BACKGROUND: THIS COURT PROPERLY APPLIED THE FCC'S DECISIONS TO FIND THAT PATH'S EQUIPMENT IS AN ATDS** .............2

    **II.**    **ARGUMENT: THE STATUTORY PREREQUISITES FOR INTERLOCUTORY APPEAL ARE NOT SATISFIED HERE** .......................3

        A.    There Is No Contestable Issue Here ..........................................................4

        B.    Resolution of the ATDS Issue Will Not Speed Up the Litigation ..........8

    **III.**    **CONCLUSION** ...................................................................................................9

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES:**

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)......................................................................3

**UNITED STATES CIRCUIT COURT OF APPEALS CASES:**

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*,
    219 F.3d 674 (7th Cir. 2000) ...............................................................................................3, 8

*CE Design, Ltd. v Prism Business Media, Inc.*,
    606 F.3d 443 (7th Cir. 2010) ................................................................................................2, 5

*McClain v. Retail Food Emp'rs Joint Pension Plan*,
    413 F.3d 582 (7th Cir. 2005) ....................................................................................................5

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).................................................6

**UNITED STATES DISTRICT COURT CASES:**

*Dominguez v. Yahoo!, Inc.*,
    No. 13-cv-1887, 2014 WL 1096051 (E.D. Pa. Mar. 20, 2014) ...............................................7

*Gragg v. Orange Cab Co., Inc.*, 2014 WL 494862 (W.D. Wash. 2014) ..................................1 n1, 7

*Griffith v. Consumer Portfolio Serv. Inc.*,
    838 F. Supp. 2d 723 (N.D. Ill. 2011) ........................................................................................5

*Happel v. Wal-Mart Stores, Inc.*,
    No. 02 C 7771, 2006 WL 1840382 (N.D. Ill. June 29, 2006) .................................................4

*Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank*,
    807 F. Supp. 2d 699 (N.D. Ill. 2011) ........................................................................................1

*Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92 (N.D. Ill. 2013).............................................1 n1

*Legg v. Voice Media Group, Inc.*, 2014 WL 2004383 (S.D. Fla. 2014).......................................1 n1

*LG Electronics v. Whirlpool Corp.*,
    No. 08 C 242, 2009 WL 5579006 (N.D. Ill. Nov. 23, 2009)................................................4, 6

*NMHG Fin. Services, Inc. v. Wickes Inc.*,
    No. 07 C 02962, 2007 WL 3087146 (N.D. Ill. Oct. 17, 2007).................................................4

*Vance v. Bureau of Collection Recovery LLC*,
    No. 10-CV-06324, 2011 WL 881550 (N.D. Ill. 2011) ..................................................1 n1

*Zikis v. Pfizer, Inc.*,
    No. 04 C 8104, 2005 WL 3274107 (N.D. Ill. Aug. 8, 2005) .............................................4

**STATE COURT CASES:**

*San Diego Cnty. Emps. Ret. Ass'n v. Cnty. of San Diego*,
    151 Cal. App. 4th 1163 (2010) .......................................................................................8

*Stockwell v. Credit Management*,
    No. 30-2012-00596110 (Cal. Super. Ct. Oct. 3, 2012) .....................................................7

**STATUTES:**

28 U.S.C. § 1292..................................................................................................................3, 4, 8

47 U.S.C. § 227............................................................................................................................8

**MISCELLANEOUS:**

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*,
    18 F.C.C. Rcd 14014 (2003) .................................................................................2, 3 n2

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*,
    23 F.C.C. Rcd 559 (2008);..............................................................................................2

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*,
    27 F.C.C. Rcd 15391 (2012)...........................................................................................2

## INTRODUCTION

As this Court has noted before, "interlocutory appeals are generally disfavored." *Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank*, 807 F. Supp. 2d 699, 705 (N.D. Ill. 2011) (Der-Yeghiayan, J.). While occasionally in litigation the parties will present a court with a nascent theory of liability or a truly difficult question of law that has divided the judiciary and calls out for appellate guidance, this is just not one of those instances. Indeed, the reasoning of this Court's Order granting summary judgment in favor of Plaintiff Sterk cannot seriously be questioned, as it's consistent with the determinations of the FCC, the Seventh Circuit, and every other relevant court that has ruled on similar issues. In short, there are no contestable issues here, and interlocutory review would not advance the litigation in any way.

In arguing that this Court's holding (that Path used an ATDS) involved a highly-contestable question that would benefit from the Seventh Circuit's immediate guidance, Path tries to invent a split among courts. But it relies on off-point and out-of-circuit cases, which actually end up showing that there is no real disagreement over the Court's ruling (that Path used an ATDS). Path also ignores multiple FCC orders finding that the definition of an ATDS includes equipment—like Path's—that automatically dials numbers from a stored list without human intervention. And Path altogether avoids clear precedent from the Seventh Circuit stating such FCC decisions are binding on this Court under the Hobbs Act. Finally, Path is wrong in asserting that a favorable decision from the Seventh Circuit on interlocutory review would terminate Plaintiff's TCPA claim. While Path has never addressed this, even if it were to prevail on the ATDS issue, the TCPA claim would survive because the text messages that Path sent were artificial or prerecorded messages, the sending of which are prohibited under the TCPA even without an ATDS.

Path is simply unhappy with having lost on summary judgment, and now seeks to delay the inevitable continuation of litigation before this Court. This should not be countenanced, and, as explained more fully below, this Court should deny Path's motion for interlocutory appeal.

**I.      BACKGROUND: THIS COURT PROPERLY APPLIED THE FCC'S DECISIONS TO FIND THAT PATH'S EQUIPMENT IS AN ATDS.**

On May 30, 2014, after complete briefing on the parties' cross-motions for summary judgment as to whether the equipment Path used to send text messages is an ATDS, this Court issued a cogent opinion granting summary judgment in favor of Plaintiff and against Path. In reaching its decision, this Court first correctly noted that the FCC has issued several final orders finding that an ATDS includes equipment that automatically dials numbers from a stored list without human intervention. (Dkt. 122, pgs. 9–12) (citing *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd 14014, 14091–92 (2003); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd 559, 566 (2008); *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C. Rcd 15391, 15392 n.5 (2012)).[1] Next, this Court properly recognized that the Seventh Circuit has clearly held that under the Hobbs Act district courts are required to "give[] great weight, if not controlling weight, to final decisions of the FCC implementing and interpreting the TCPA." (*Id.* at 10) (citing *CE Design, Ltd. v Prism Business Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010)).[2] Finally, this Court rightly found that

---

[1]      In support of its reading of the FCC's final orders, the Court cites to several other district court decisions, from both this Circuit and elsewhere, that are in accord. (Dkt. 122 at 9–10.) (citing *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 101 (N.D. Ill. 2013); *Vance v. Bureau of Collection Recovery LLC*, 10-CV-06324, 2011 WL 881550, *n. 1 (N.D. Ill. 2011); *Legg v. Voice Media Group, Inc.*, 2014 WL 2004383, *3 (S.D. Fla. 2014); *Gragg v. Orange Cab Co., Inc.*, 2014 WL 494862, *2 (W.D. Wash. 2014)).

[2]      This Court also noted, however, that even if the FCC's final orders were not controlling, it agreed with the FCC's reasoning in light of Congress's recognition that "the FCC might need

the undisputed evidence showed that the equipment used by Path automatically dialed numbers from a stored list, and thus that Path had used an ATDS within the meaning of the TCPA. (Dkt. 122 at 10–12.) This Court's analysis—applying final FCC orders (as the Seventh Circuit requires under the Hobbs Act) to the undisputed facts to find that Path used an ATDS—was entirely correct.

## II. ARGUMENT: THE STATUTORY PREREQUISITES FOR INTERLOCUTORY APPEAL ARE NOT SATISFIED HERE.

Path seeks certification under 28 U.S.C. § 1292(b) for interlocutory appeal of the summary judgment order, repeatedly claiming that this Court has a "duty" to grant its request. (Dkt. 126 at 2, 5.) But interlocutory appeals under § 1292(b) are disfavored and the courts of appeal only accept them in exceptional cases. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473–76 (1978). To be sure, § 1292(b) itself sets a high bar for interlocutory review, requiring that before a district court may certify an order for interlocutory review, it must find "that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Seventh Circuit explains, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order" for interlocutory appeal. *Id.* at 676

---

to interpret the TCPA to account for changes in technologies" particularly in light of the fact that "the evolution of the teleservices industry has progressed to the point where using lists of numbers is far more cost effective." (Dkt. 122 at 12–13 (citing *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd 14014, 14092–93 (2003)).

(emphasis in original). Thus, rather than imposing a "duty" on the district courts as asserted by Path, § 1292(b) places a heavy burden on Path to justify certification.

Here, Path cannot meet that burden because (1) there is no contestable issue, and (2) interlocutory review will not speed up the litigation.

### A. There Is No Contestable Issue Here.

To satisfy the "contestability" requirement, Path must show that there are "substantial conflicting decisions regarding the claimed controlling issue." *NMHG Fin. Services, Inc. v. Wickes Inc.*, 07 C 02962, 2007 WL 3087146, at *3 (N.D. Ill. Oct. 17, 2007); *see also LG Electronics v. Whirlpool Corp.*, 08 C 242, 2009 WL 5579006, at *6 (N.D. Ill. Nov. 23, 2009) ("a question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority"). The required showing is not met simply because "the Seventh Circuit has not addressed the issue," *id.*, or even because courts in jurisdictions outside the Seventh Circuit have issued differing opinions. *Zikis v. Pfizer, Inc.*, No. 04 C 8104, 2005 WL 3274107, *2 (N.D. Ill. Aug. 8, 2005) (Der-Yeghiayan, J.) ("Further, while the [Texas District Court] opinions may be different from our summary judgment decision, such opinions, from district courts outside of the Seventh Circuit, do not constitute grounds so substantial to warrant the certification of a Section 1292(b) appeal.") There must also be a "*substantial likelihood* that the district court ruling will be reversed on appeal." *LG Electronics,* 2009 WL 5579006, at *6. (emphasis added).

As an initial matter, it must be noted that Path fails to identify the precise legal issue on which it seeks interlocutory review. This is important because a party seeking interlocutory review of an issue "should describe that issue in precise and concrete terms, similar to setting out the issue presented for review in an appellate brief." *Happel v. Wal-Mart Stores, Inc.,* No. 02 C

4

7771, 2006 WL 1840382, *2 (N.D. Ill. June 29, 2006). The reason being that "[i]dentifying the specific legal issue focuses the district court's inquiry on the controlling question of law." *Id*. Here, Path simply asserts that it "seeks to appeal the Court's interpretation of the ATDS requirement." (Dkt. 126 at 6.) But that is not a precise and concrete description of a legal issue. The actual controlling legal question at issue here is whether the Court properly followed the FCC orders that an ATDS includes equipment that automatically dials numbers from a stored list without human intervention, as required by the Hobbs Act and Seventh Circuit precedent.[3]

It seems Path recognized the futility of identifying the actual controlling legal issue since it would be ever more apparent that there is no "contestable" issue or grounds for a difference of opinion. That is, the Seventh Circuit has recently and clearly held that federal district courts are bound by such FCC rulings regarding the TCPA under the Hobbs Act. *See CE Design, Ltd*, 606 F.3d at 449 (7th Cir. 2010) ("[T]he Hobbs Act prevents the district court[s] from reviewing the validity of FCC regulations."); *Griffith v. Consumer Portfolio Serv. Inc.*, 838 F. Supp. 2d 723, 726–27 (N.D. Ill. 2011) (stating that "[o]ur role is to apply the FCC's orders to the facts" and holding that equipment that dials lists of phone numbers without human intervention is an ATDS.) Thus, the question at issue is settled and there is no reason to believe that the Seventh Circuit would reverse itself. *See McClain v. Retail Food Emp'rs Joint Pension Plan*, 413 F.3d 582, 586 (7th Cir. 2005) ("We require a compelling reason to overturn circuit precedent.")

---

[3] Because Path incorrectly believes the issue is limited to the Court's interpretation of TCPA's definition of ATDS, not the binding nature of the FCC's decisions under the Hobbs Act, it is not entirely correct that the issue it seeks to present to the Seventh Circuit is purely legal and would not require an examination of the record. Any analysis of whether an ATDS includes equipment that automatically dials numbers from a stored list without human intervention will necessitate review of Path's claim that human intervention was present when Path users apparently clicked a prompt to upload their contacts to its server. (Dkt. 122 at 11–12.)

5

Having avoided the Hobbs Act issue, Path instead claims that the "Seventh Circuit has not yet addressed this issue." Then, in an attempt to manufacture a supposed split among courts, points to four out-of-circuit decisions it claims "squarely rejected" this Court's holding that an ATDS includes equipment that automatically dials numbers from a stored list without human intervention as stated by the FCC.[4] (Dkt. 126 at 8–9.) This doesn't work for two reasons: First, that the Seventh Circuit has not considered the issue Path believes is relevant—especially in connection with reliance on out-of-circuit decisions—is insufficient to find that a contestable issue exists. *LG Electronics*, 2009 WL 5579006, at *6. And second, the out-of-circuit decisions Path claims "squarely reject" the conclusion reached by this Court do no such thing.

Path's first, and therefore presumptively strongest, selected decision is *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009). There, the defendants purchased and stored a list of 100,000 cell phone numbers, composed a promotional message for a Stephen King book, and sent the combined file to a third party for transmission to the cell phone users on the list. *Id.* at 949. The district court concluded that, because the process did not involve "a random or sequential number generator," defendants had not used an ATDS. *Id.* at 950–51. The Ninth Circuit reversed, though without considering the Hobbs Act, finding that even though a random or sequential number generator was not used, there was evidence that the system "stored telephone numbers to be called and subsequently dialed those numbers automatically and without human intervention." Based on that, the Ninth Circuit remanded the case for further consideration on the ATDS issue. *Id.* at 951; *see also Gragg v. Orange Cab Co., Inc.,* No. C12-0576RSL, --- F. Supp. 2d ---, 2014 WL 494862, *5 (W.D. Wash. Feb. 7, 2014), reconsideration

---

[4] Of course Path ignores the FCC orders that flatly reject Path's assertion that equipment must have the ability to generate numbers randomly or sequentially in order to be considered an ATDS under the TCPA.

6

denied (Feb. 28, 2014) (finding that the *Satterfield* Court found persuasive the "alternative definition of an ATDS [that] had been approved by the Federal Communications Commission.") Hence, the Ninth Circuit's decision in *Satterfield* doesn't even come close to conflicting with this Court decision on summary judgment.

Then there is *Gragg*, upon which Path also heavily relies, which further demonstrates that there is no difference of opinion regarding the FCC's reading of ATDS to include equipment that automatically dials numbers from a stored list without human intervention. It is true that part of the court's analysis there concluded that the defendant's system was not an ATDS because it lacked the present capacity to "store, produce, or call randomly or sequentially generated numbers." *Gragg*, 2014 WL 494862, *3. But Path ignores the second part of the court's analysis where it recognized the FCC's orders on what constitutes an ATDS, and examined whether the evidence showed defendant's equipment had the capacity to dial lists of numbers without human intervention. *Id.* (ultimately finding the evidence showed that defendant taxi company's dialer was not an ATDS because it couldn't send text messages from a list without a human manually accepting the transmission of each text). As such, the *Gragg* court likely would have concluded, as this Court did, that Path's equipment is an ATDS.

The final two cases in which Path seeks solace, *Stockwell v. Credit Management*, No. 30-2012-00596110 (Cal. Super. Ct. Oct. 3, 2012) and *Dominguez v. Yahoo!, Inc.*, No. 13-cv-1887, 2014 WL 1096051 (E.D. Pa. Mar. 20, 2014), fail to address or even acknowledge the relevant FCC orders or the binding effect to which they are entitled under the Hobbs Act. Moreover, Path's continued reliance on *Stockwell* is, frankly, embarrassing. This supposed "authority" is an unpublished proposed order, written by the defendant's counsel, and signed by the judge without additional analysis. The decision "cannot properly be cited in support of a legal argument . . . ."

7

in California, let alone as support here.[5] *San Diego Cnty. Emps. Ret. Ass'n v. Cnty. of San Diego*, 151 Cal. App. 4th 1163, 1184 (2010).

In the end, Path has failed to identify an issue "as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), and for this reason alone its motion should be denied.

### B. Resolution of the ATDS Issue Will Not Speed Up the Litigation.

In addition to failing to identify a contestable issue, Path also fails to establish that immediate appeal will "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), i.e., "promise to *speed up* the litigation." *Ahrenholz*, 219 F.3d at 675 (7th Cir. 2000) (emphasis in original).

Path argues that if this Court's decision is reversed on appeal and its equipment is held not to constitute an ATDS, "then Plaintiff's TCPA claim will be dismissed" and "Path would be entitled to summary judgment," ending the case. (Dkt. 126 at 8, 10.) Path is once again wrong, ignoring the issues in this case. As Plaintiff pointed out in summary judgment briefing, the TCPA prohibits unlawful calls to a cell phone "using any [ATDS] *or an artificial or prerecorded voice*." (Dkt. 83 at 11–12) (quoting 47 U.S.C. § 227(b)(1)(A)) (emphasis added). Because this Court correctly held Path's equipment was an ATDS, it did not need to address Plaintiff's argument that Path's undisputed transmission of template text messages stored on its servers and sent to its users' contact lists constituted an artificial or prerecorded voice under the TCPA. But because the TCPA prohibits use of an ATDS *or* an artificial or prerecorded voice, even a ruling

---

[5] Path also attempts to buttress its lack of supporting authority with alarmist predictions that "under this Court's ruling [] any person who uses a smartphone faces potential liability for statutory damages of at least $500 for every call or message they send without prior express consent." (Dkt. 126 at 9.) But Path misreads this Court's Order, which correctly noted that, even if a cell phone were an ATDS, the TCPA does not bar ownership of an ATDS. (Dkt. 122 at 13.)

8

on appeal that the equipment used was not an ATDS would *not* terminate Plaintiff's TCPA claim. Thus, regardless of how the Seventh Circuit were to rule on an interlocutory review of the ATDS issue, the case will come back to this Court for further litigation of the TCPA claim with a focus on whether the text messages constitute and artificial or prerecorded voice within the meaning of the TCPA. Consequently, certification will not materially advance the termination of this case and Path's motion should be denied on that basis as well.

### III. CONCLUSION

For all the foregoing reasons, Path's motion seeking certification for interlocutory appeal and to stay proceedings should be denied.

Dated: July 1, 2014

Respectfully submitted,

**KEVIN STERK**, individually and on behalf of all others similarly situated,

By: /s/ Rafey S. Balabanian
One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Sterk and the putative Class*

## CERTIFICATE OF SERVICE

       I, Rafey S. Balabanian, an attorney, hereby certify that on July 1, 2014, I served the above and foregoing ***Plaintiff Kevin Sterk's Opposition to Defendant's Motion for Certification Under 28 U.S.C. § 1292(b)*** by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                       /s/  Rafey S. Balabanian