**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| KEVIN STERK, individually and on behalf of all others similarly situated, | Case No. 1:13-cv-02330 |
| Plaintiff, | Judge: Hon. Manish S. Shah |
| v. | Action Filed: March 28, 2013 |
| PATH, INC., a Delaware corporation, | |
| Defendant. | |

**DEFENDANT PATH, INC.'S REPLY IN FURTHER SUPPORT OF
ITS MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)**

David H. Kramer
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile: (650) 493-6811

Tonia Ouellette Klausner
tklausner@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:   (212) 999-5800
Facsimile: (212) 999-5899

Steven P. Mandell
smandell@mandellmenkes.com
John David Fitzpatrick
jfitzpatrick@mandellmenkes.com
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010

## INTRODUCTION

"[D]istrict judges should use section 1292(b) when it should be used." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (Posner, J.) (explaining that it is "the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met"). This is a case in which section 1292(b) should be used because the proper interpretation of the phrase "automatic telephone dialing system" in the Telephone Consumer Protection Act ("TCPA") is "a controlling question of law as to which there is substantial ground for difference of opinion," and an immediate appeal from this Court's May 30, 2014 Order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The TCPA defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In its motion for summary judgment, Defendant Path, Inc. ("Path") explained that to qualify as an ATDS, equipment that is used to make a call or send a text in alleged violation of the TCPA must have a present capacity to generate random or sequential telephone numbers. Because Path's equipment undisputedly did not have number generation capacity, it sought summary judgment on Plaintiff's sole cause of action, which was predicated on use of an ATDS. Compl. ¶ 31. In opposition, Plaintiff argued that despite the statutory language and the weight of case law, number generation capacity was not required for an ATDS. He contended that in a ruling that predictive dialers fell within the ATDS definition, the FCC had expanded the statutory definition to include any equipment that can automatically dial lists of numbers without human intervention. Although Plaintiff admitted that a predictive dialer was not used by Path, he argued that Path's

equipment is an ATDS under this modified definition. The Court adopted Plaintiff's view. Order at 11.

Path seeks to appeal the decision on this pure question of law because, as the Court itself recognized in bifurcating out the issue in the first place, a proper resolution of the ATDS question may materially advance the ultimate termination of the case. If Path is right, and no ATDS was used to send the text message about which Plaintiff complains, Plaintiff's claim fails.

There are undeniably substantial grounds for a difference of opinion on how to interpret the TCPA's ATDS definition. The majority of district courts to have considered the question have interpreted the TCPA as Path urged, requiring random or sequential number generation capacity to qualify as an ATDS. *See* Path's Mot. for Certification at 3 n.2, 9 (Dkt. No. 126) ("Mot.") (listing seven cases adopting Path's interpretation). As Path noted in its opening brief, only a few weeks ago, the Western District of Washington adopted Path's interpretation and promptly certified its ruling for interlocutory review. In his petition to the Ninth Circuit, the Plaintiff cited this Court's decision as among the cases demonstrating the substantial grounds for disagreement that supported immediate appeal. Pl.'s Letter on Supp. Authorities, *Gragg v. Orange Cab Co.*, No. 14-80061 (9th Cir. June 10, 2014) (Dkt. No. 5-1) (characterizing this Court's Order as "in direct conflict with" the district court's decision in that case).[1] Significantly,

---

[1] There also are now at least ***seven*** petitions pending before the FCC—filed both by class action lawyers who invoke the TCPA and the companies they have targeted—seeking clarification regarding the ATDS definition and specifically asking whether random or sequential number generation capacity is required to fall within it. *See* Milton H. Fried, Jr. and Richard Evans' Petition for Expedited Declaratory Ruling on Autodialer Issue, CG Docket No. 02-278 (May 27, 2014) (seeking ruling that multiple pieces of equipment that together have the capacity to dial numbers from a list without human intervention, and without the capacity to randomly or sequentially generate or store numbers to be called, constitutes an ATDS); TextMe, Inc.'s Petition for Expedited Declaratory Ruling and Clarification, CG Docket No. 02-278 (Mar. 18, 2014) (seeking ruling that equipment must have the present, not theoretical, capacity to store or produce numbers randomly or sequentially in order to constitute an ATDS); ACA International's Petition for Rulemaking, CG Docket No. 02-278 (Jan. 21, 2014) (requesting clarification, *inter alia*, that (1) not all predictive dialers are ATDS, but only those with the requisite number generation capacity

after Path filed this Motion, yet another district court rejected the argument that Plaintiff made and this Court accepted—that any equipment that can dial numbers from lists without human intervention is an ATDS. *De Los Santos v. Millward Brown*, No. 13-80670, 2014 U.S. Dist. LEXIS 88711, at *18-20 (S.D. Fla. June 29, 2014). In that case, the United States intervened and took the position that requiring random or sequential number generation capacity, as other courts had, would safeguard the statute from unconstitutional overbreadth. *See* United States' Mem. in Supp. of the Constitutionality of the TCPA at 11 n.7, *De Los Santos*, No. 13-80670 (S.D. Fla. Jan. 31, 2004) (Dkt. No. 54) ("DOJ Br.")[2] (citing with approval *Hunt v. 21st Mortg. Co.*, No. 2:12–CV–2697–WMA, 2013 WL 5230061, at *4 (N.D. Ala. Sept. 17, 2013) for proposition that "device in question had to have present capacity, at the time the calls were being made, to store or produce and call numbers *from a number generator*" (emphasis added)). The clear split of judicial authority on the ATDS issue amply justifies immediate appellate review, particularly given the import of the issue and the frequency with which it is being litigated.

---

under the TCPA; and (2) "capacity" under the TCPA means present ability, at the time of the call, to store or produce numbers using a random or sequential number generator); Glide Talk, Ltd.'s Petition for Expedited Declaratory Ruling, CG Docket No. 02-278 (Oct. 28, 2013) (seeking ruling, *inter alia*, that the TCPA's ATDS restriction applies only to equipment that can, at the time of the call, be used to store or generate sequential or randomized telephone numbers); Professional Association for Consumer Engagement's Petition for Expedited Declaratory Ruling and/or Expedited Rulemaking, CG Docket No. 02-278 (Oct. 18, 2013) (seeking ruling that in order to qualify as an ATDS, a system "has the capacity to, *inter alia*, dial numbers *without human intervention* … and a system's 'capacity' is limited to what it is capable of doing, without further modification, *at the time the call is placed*" (emphasis original)); YouMail Inc.'s Petition for Expedited Declaratory Ruling, CG Docket No. 02-278 (Apr. 19, 2013) (asking FCC to find that YouMail's "virtual receptionist" service is not an ATDS because it lacks the current capacity to store or produce numbers to be called using a random or sequential number generator); Communication Innovators' Petition for Declaratory Ruling, CG Docket No. 02-278 (June 7, 2012) (seeking ruling "that predictive dialers that (1) are not used for telemarketing purposes and (2) do not have the current ability to generate and dial random or sequential numbers, are not [ATDS] under the TCPA and the Commission's TCPA rules").

[2] Unpublished authorities cited herein are included in the attached Supplemental Index of Unpublished Authorities.

In his opposition to Path's request to appeal this Court's ATDS interpretation, Plaintiff

does not (and indeed cannot) meaningfully contest any of this. Instead, Plaintiff attempts to

mischaracterize both the issue on which Path requests review and the standards by which such

requests are to be evaluated. The Court should reject those efforts and certify its May 30 Order

for immediate appeal.

## ARGUMENT

The controlling legal issue that Path seeks to present to the Seventh Circuit is:

> **Whether equipment qualifies as an ATDS under the TCPA if it lacks the capacity to generate random or sequential telephone numbers**.

Path's opening brief and the parties' extensive summary judgment papers make this abundantly

clear. Nevertheless, Plaintiff claims instead that the issue on which Path seeks review is whether

federal district courts are bound by the Hobbs Act to follow FCC rulings. Opp'n at 5 (Dkt. No.

130). That is meritless. Path agrees that district courts are bound by the Hobbs Act to follow final

FCC rulings. That was never a contested matter in this case. To the extent the parties debated

FCC rulings in their summary judgment briefing, their dispute was over how to interpret vague

statements the FCC made in determining that a predictive dialer qualified as an ATDS, and

whether to give those statements application in a case that undisputedly does not involve a

predictive dialer. More fundamentally, questions about how to apply what the FCC may have

said in its predictive dialer ruling were merely one piece of the much larger legal question—how

to interpret the TCPA's ATDS definition in this case, in light of the statutory language, the

legislative history, the precedents, the FCC's commentary, and rules of statutory construction on

constitutional avoidance and absurdity.[3] There is a substantial difference of opinion on that

---

[3] Def. Path, Inc.'s Opp'n to Pl.'s Mot. for Summ. J. at 4-12 (Dkt. No. 85); Def. Path, Inc.'s Reply in Further Supp. of Its Mot. for Summ. J. at 4-12 (Dkt. No. 102) ("Path's S.J. Reply").

question, and its proper resolution will materially advance resolution of this case. 28 U.S.C.

§ 1292(b).[4]

## I. There Is A Substantial Ground For Difference Of Opinion On The Proper Interpretation Of ATDS

### A. There Is Substantial Conflicting Authority On An Issue Raising Significant Constitutional Concerns

The "difference of opinion" requirement in section 1292(b) is satisfied here because there

is substantial conflicting authority on the proper interpretation of the ATDS requirement in cases

not involving a predictive dialer. *See* Mot. at 8-10.[5]

As noted above, after Path filed its brief, yet another district court has weighed in, joining

those opinions Path cited previously in concluding that an ATDS is limited to equipment that has

the present capacity to generate random or sequential numbers. *De Los Santos*, 2014 U.S. Dist.

LEXIS 88711, at *18-20. The *De Los Santos* case is particularly instructive. Invoking the

expansive ATDS definition adopted by this Court and a handful of others, the defendant in the

case argued that the TCPA was unconstitutional because it restricted use of any device capable

---

[4] Plaintiff asserts in a footnote that the proper interpretation of ATDS in this case is not a question of law because the Seventh Circuit allegedly will need to review the record to determine whether a text message was sent without human intervention. Opp'n at 5 n.3. That is not so. The question of how to define the term ATDS in the TCPA requires no review of the record at all. It is a pure legal issue. Plaintiff is confusing that question, with a question that might come later—whether under the ATDS definition that the Court adopted, Path's equipment constitutes an ATDS. But it is not necessary for the Court of Appeals to reach that question in order to define ATDS in the first instance.

[5] *Compare Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009); *Dominguez v. Yahoo!, Inc.*, No. 13-1887, 2014 U.S. Dist. LEXIS 36542, at *16-19 & n.6 (E.D. Pa. Mar. 20, 2014); *Gragg v. Orange Cab Co.*, No. C12-0576RSL, 2014 U.S. Dist. LEXIS 16648, at *7-10 (W.D. Wash. Feb. 7, 2014); *Stockwell v. Credit Mgmt.*, No. 30-2012-00596110, slip op. at 1-2 (Cal. Super Ct. Oct. 3, 2013) (Tab 1, Index of Unpublished Authorities Cited in Supp. of Path's Mot. (Dkt. No. 126-1)); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010); *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1260 n.8 (S.D. Cal. 2012); *Ibey v. Taco Bell Corp.*, No. 12-cv-0583-H, 2012 U.S. Dist. LEXIS 91030, at *9 (S.D. Cal. June 18, 2012), *with Legg v. Voice Media Grp., Inc.*, No. 13-cv-62044, 2014 U.S. Dist. LEXIS 67623, at *9-11 (S.D. Fla. May 16, 2014); *Sherman v. Yahoo! Inc.*, 13-cv-0041, 2014 U.S. Dist. LEXIS 13286, at *15-20 (S.D. Cal. Feb. 3, 2014). *See also supra* n.1 (describing seven petitions pending before the FCC seeking clarification on the ATDS definition and whether random or sequential number capacity is required).

of dialing numbers without human intervention, including most smartphones and computers, and thereby regulated a vast amount of protected speech. *Id.* at *18-19. The court declined to interpret the TCPA so broadly, citing the same cases Path relies upon in support of its position that an ATDS is limited to equipment with the present capacity to generate random or sequential numbers. *See id.* at *19. The Court explained that "[i]f autodialers included smartphones, or if autodialers included computers, then the Defendant could argue overbreadth." *Id.* at *20. But because the court construed the ATDS definition to require a present capacity to generate random or sequential numbers, there was no constitutional problem. *Id.*[6]

The constitutional question that the *De Los Santos* court avoided by interpreting ATDS narrowly was not avoided here. This Court adopted an interpretation of ATDS that would cover virtually any smartphone. Order at 13. Plaintiff's assertion that the Order "does not bar ownership of an ATDS" misses the point. *See* Opp'n at 8. While *owning* a smartphone may be legal, under the Court's ATDS interpretation, anyone who *uses* their phone is using an ATDS because it is a device with the capacity to dial numbers from a list without human intervention. If they place a call to a cell phone without consent, or misdial a number, they face strict liability for statutory damages under the TCPA, and fear of that liability undoubtedly will deter protected speech. In short, this is not merely a case raising an issue on which there are substantial grounds for a difference of opinion. It raises an issue of serious and immediate constitutional import for businesses and ordinary individuals alike.

---

[6] Again, it is worth noting that the United States filed a brief in support of that conclusion. One of the reasons it offered for finding that the statute was not constitutionally overbroad was that the ATDS definition does not extend to all smartphones and computers, and instead regulates only devices with the capacity to store or produce randomly or sequentially generated numbers. DOJ Br. at 11 n.7. Indeed, the DOJ noted approvingly that the court in *Hunt v. 21st Mortg. Co.* had limited the reach of the ATDS definition in this fashion. *Id.* (an ATDS "had to have present capacity, at the time the calls were being made, to store or produce and call numbers *from a number generator*" (citing *Hunt*, 2013 WL 5230061, at *4) (emphasis added)).

**B.      Certification Requires Only A Substantial Ground For Difference Opinion, Not A Substantial Likelihood Of Reversal**

Given that this Court's ATDS construction is in direct conflict with that of numerous other courts, Plaintiff cannot seriously dispute that there are "substantial grounds for difference of opinion" as required by section 1292(b). Instead, Plaintiff misstates that requirement. He argues that a party seeking certification must convince the district court that there is "'a *substantial likelihood* that the district court ruling will be reversed on appeal.'" Opp'n at 4 (quoting *LG Elecs. v. Whirlpool Corp.*, No. 08-cv-242, 2009 U.S. Dist. LEXIS 125004 (N.D. Ill. Nov. 23, 2009)) (emphasis supplied by Plaintiff). Plaintiff's position is not defensible. If that were the standard required for certification, there would never be interlocutory appeals. No district court would ever issue a ruling that it believed was substantially likely to be reversed on appeal.

Not surprisingly, Plaintiff misreports *LG Electronics,* the lone case offered to support the standard he advances. The full quote from the case makes clear that a movant may satisfy section 1292(b)'s requirement for certification by showing **either** that there are "substantial conflicting decisions"—a standard Path clearly satisfies here—**or** by demonstrating a likelihood of reversal. *LG Elecs.*, 2009 U.S. Dist. LEXIS 125004, at *16-17.[7]

---

[7] *LG Elecs.*, 2009 U.S. Dist. LEXIS 125004, at *16-17 ("'A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, *or* the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal.'" (emphasis added) (citations omitted)); *see also Healthcare Compare Corp. v. United Payors & United Providers*, No. 96-cv-2518, 1998 U.S. Dist. LEXIS 7567, at *2 (N.D. Ill. May 8, 1998) (concluding an issue was contestable because "[t]he precedent is sparse and not wholly consistent. We think that is enough; it is not necessary to conclude that this court's decision is likely to be reversed. If we thought the decision wrong we would not have made it.").

### C. Certification Does Not Require Substantial Conflicting Decisions Within A District Or Circuit

Plaintiff also misrepresents what is required under section 1292(b) by claiming that only cases within the Seventh Circuit are relevant to the question of conflicting decisions. Opp'n at 4. Again, the single case Plaintiff cites for this proposition does not support it. In *Zikis v. Pfizer, Inc.,* No. 04 C 8104, 2005 U.S. Dist. LEXIS 16354 (N.D. Ill. Aug. 8, 2005), the court determined that there was not a "substantial" ground for difference of opinion because there were only two conflicting authorities, both from Texas. *Id.* at *2. The Court certainly did not hold that out-of-circuit decisions may not be considered for purposes of determining whether substantial grounds exist for a difference of opinion. Indeed, courts routinely consider the existence of conflicting out-of-circuit district court cases when deciding whether reasonable jurists may disagree on the legal issue presented.[8] This is consistent with the purpose of the "substantial ground for difference of opinion" requirement, which is to preclude futile interlocutory appeals on issues where no reasonable jurist would disagree. *See* 19 Moore's Federal Practice – Civil § 203.31[4].

Here, as explained above and in Path's opening brief, there are numerous cases interpreting the statutory ATDS term as requiring a present capacity to generate random or sequential numbers. Plaintiff does not dispute that *Dominguez, Stockwell, Lozano*, *In re Jiffy Lube*, and *Ibey* all conflict with this Court's Order.[9] Nor could he dispute that the most recent

---

[8] *See, e.g., Sofferin v. Am. Airlines*, 788 F. Supp. 1010, 1011 (N.D. Ill. 1992) (finding issue contestable *inter alia* because of conflicting decisions among courts outside the Seventh Circuit); *Sandifer v. United States Steel Corp.*, No. 07-cv-0443, 2010 U.S. Dist. LEXIS 635, at *10-14 (N.D. Ind. Jan. 5, 2010) (same); *United States ex rel. Chilcott v. KBR, Inc.*, No. 09-cv-4018, 2013 U.S. Dist. LEXIS 179477, at *5-6 (C.D. Ill. Dec. 23, 2013) (finding issue contestable because a Ninth Circuit case on which the court "clearly relied" and an Eighth Circuit case that the court "clearly rejected" were "conflicting decisions").

[9] Plaintiff falsely claims that *Dominguez* "fail[ed] to address or even acknowledge the relevant FCC orders." Opp'n at 7. In fact, *Dominguez* considered the FCC order at issue in this case and held that it "pertains to the unique characteristics of predictive dialers and there is no contention here that Yahoo's Email SMS Service is a predictive dialer." 2014 U.S. Dist. LEXIS 36542, at *19 n.6. The same is true

8

decision interpreting the ATDS requirement, which found that an ATDS must have the present capacity to randomly or sequentially generate numbers (a position supported by the Department of Justice), conflicts with this Court's Order. *See De Los Santos*, 2014 U.S. Dist. LEXIS 88711, at *20-21 (citing *Dominguez* with approval). Plaintiff's furious spin of two other cases adverse to his position is wrong, but beside the point.[10] There is an obvious split of authority on the question of whether equipment that is not a predictive dialer qualifies as an ATDS under the

---

here—there is no contention that the equipment at issue here is a predictive dialer. Mot. at 7. Plaintiff also wrongly claims that *Stockwell v. Credit Mgmt.*, No. 30-2012-00596110, slip. op. at 2 (Cal. Super. Ct. Orange Cnty. Oct. 3, 2013) should not be considered because it is a state trial court decision. But as Path previously argued in its summary judgment reply brief in response to the same argument (Path's S.J. Reply at 9 n.8), the rule Plaintiff relies upon applies only to California state courts, not federal courts. *See, e.g.*, *Nunez v. City of San Diego*, 114 F.3d 935, 942 n.4 (9th Cir. 1997). Plaintiff's suggestion that *Stockwell* should not be considered for the additional reason that the Court adopted the defendant's proposed order is puzzling. Plaintiff fails to explain how the court's agreement with the defendant's interpretation of the ATDS requirement puts its ruling somehow less in conflict with this Court's interpretation.

[10] Plaintiff badly mischaracterizes *Gragg v. Orange Cab Co.*, No. C12-0576, 2014 U.S. Dist. LEXIS 16648 (W.D. Wash. Feb. 7, 2014) as consistent with this Court's interpretation of the ATDS requirement. But the court there was clear: except for predictive dialers—which Plaintiff concedes are not at issue in this case (Mot. at 7)—an ATDS must have the "present . . . capacity to store, produce, or call randomly sequentially generated telephone numbers," *Gragg*, 2014 U.S. Dist. LEXIS 16648, at *9. He also misreads *Satterfield* in claiming it supports his position. *See* Opp'n at 6. The district court in *Satterfield* granted summary judgment for the defendant and found that there was no ATDS because the system did not "use" a number generator to send the text messages at issue. *See Satterfield*, 569 F.3d at 950-51. The Ninth Circuit disagreed with the lower court's interpretation of the ATDS definition and held that the TCPA does not require that the equipment at issue actually use a number generator. Instead, "the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Id.* at 951. Because the record was unclear on whether this capacity existed in the equipment at issue, the Ninth Circuit reversed and remanded. *Id.* By no means did the Court hold, as Plaintiff claims, that just because the equipment could store numbers and dial those numbers automatically without human intervention, it had the required number generation capacity. Opp'n at 6. While the court quoted the plaintiff's expert's (Mr. Snyder's) conclusion that the system at issue "stored telephone numbers to be called and subsequently dialed those numbers automatically and without human intervention," *id.* at 951, it did so "only to recount his opinions," *Dominguez v. Yahoo!, Inc.*, No. 13-1887, 2014 U.S. Dist. LEXIS 36542, at *18 n.6 (E.D. Pa. Mar. 20, 2014). The Ninth Circuit "did not adopt Mr. Snyder's views" on the proper interpretation of the ATDS requirement. *Id.* at *18 n. 6. As the *Dominguez* court recently held, Plaintiff's suggestion otherwise is "deceptive." *Id.*

TCPA if it lacks the capacity to generate random or sequential telephone numbers. The Court need go no further.

## II.     An Immediate Appeal Of The ATDS Issue May Materially Advance The Ultimate Termination Of The Litigation

Because an immediate appeal of the ATDS issue may lead to the termination of one or more of Plaintiff's claims, it satisfies the "may materially advance" requirement. *See* 28 U.S.C. § 1292(b); Mot. at 10. Plaintiff nonetheless argues that this requirement for certification is not met because Plaintiff might prevail on an alternative, inchoate claim that a text message is an "artificial or prerecorded voice" message. Opp'n at 8-9. This argument mischaracterizes both the record and the law.

Plaintiff did not make this alternate claim in this case. It appears nowhere in Plaintiff's Complaint and was never asserted during discovery. Because Plaintiff waited until summary judgment to raise this alternative theory of liability, he is precluded from raising it now, as Path explained in its prior briefing. *See* Path's S.J. Reply at 13.

Regardless, Plaintiff's made-for-summary-judgment argument cannot be taken seriously. A "text" message consists of text, not a "voice." *See id.* at 13-14. If text messages are instead calls sent with "an artificial voice," as Plaintiff now contends, then every single text message would violate the TCPA, regardless of the equipment used to send it, unless the sender could prove that he or she had prior express consent from the recipient. 47 U.S.C. § 227(b)(1)(A). Everyone would be strictly liable for statutory damages for sending a text to a mistyped phone number, to a phone number that been reassigned, or to someone that simply had not given (or had revoked) written permission to receive it. Such an interpretation of the TCPA would threaten the way tens of millions of people legitimately communicate today, and could not possibly be

constitutional. *See De Los Santos*, 2014 U.S. Dist. LEXIS 88711, at *18-20. Plaintiff cites no

case, and Path knows of none, accepting this expansive and dangerous view of the TCPA.

But all of that aside, even if Plaintiff's unasserted theory were part of the case, and even

if it had the slightest merit, an immediate appeal of the Court's May 30 Order would still satisfy

section 1292(b)'s "may materially advance" requirement because the appeal may lead to the

termination of at least one of the plaintiff's claims, even if an additional claim remains. *See Sterk*

*v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).[11] "That is enough to satisfy

the 'may materially advance' clause of section 1292(b)." *Id*.

### III.    The Case Should Be Stayed Pending Resolution Of The Appeal

If the Court grants Path's request for certification, it also should stay this action during

the pendency of any interlocutory appeal. That is the normal course when certification is

granted in order to promote economy of time and effort for everyone involved. Mot. at 10

(citing cases). Plaintiff does not oppose this request in his papers.

### CONCLUSION

Because the elements of section 1292(b) are satisfied with respect to the Court's May 30,

2014 Order, Path respectfully requests that the Court certify it for immediate appeal and stay this

action during the pendency of any appeal.

---

[11] Plaintiff's failure to even acknowledge this binding authority cited by Path, *see* Mot. at 10, is puzzling given that not only did the Seventh Circuit in *Redbox* reject the identical argument advanced by Plaintiff here, but it was advanced ***by the same counsel representing the same plaintiff***. 672 F.3d at 536-39 (deciding statutory interpretation issue on interlocutory appeal after certification).

11

Date:  July 8, 2014

Respectfully submitted,

/s/ David H. Kramer

David H. Kramer
(admitted *pro hac vice*)
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Tonia Ouellette Klausner
(admitted *pro hac vice*)
tklausner@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899

Steven P. Mandell
smandell@mandellmenkes.com
John David Fitzpatrick
jfitzpatrick@mandellmenkes.com
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010

Attorneys for Defendant Path, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Path, Inc.'s Reply in Further Support of

Motion for Certification Under 28 U.S.C. § 1292(b) was served upon counsel herein named by

ECF on July 8, 2014.

> Mr. Jay Edelson
> Mr. Rafey S. Balabanian
> Mr. Ari J. Scharg
> Mr. David I. Mindell
> Mr. Benjamin H. Richman
> Mr. John C. Ochoa
> Mr. Mark S. Eisen
> EDELSON P.C.
> 350 North LaSalle
> Suite 1300
> Chicago, IL 60654

 /s/ *David H. Kramer*
David H. Kramer

13