# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:13-cv-02330<br><br>Judge: Hon. Manish S. Shah<br><br>Action Filed: March 28, 2013 |

## DEFENDANT PATH, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)

David H. Kramer
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

Tonia Ouellette Klausner
tklausner@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Steven P. Mandell
smandell@mandellmenkes.com
John David Fitzpatrick
jfitzpatrick@mandellmenkes.com
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010

Defendant Path, Inc. ("Path") respectfully requests that the Court deny Plaintiff's Motion For Leave To File A Surreply In Opposition To Defendant's Motion For Certification Under 28 U.S.C. § 1292(b) (Dkt. No. 139) ("Motion").

## INTRODUCTION

As a preliminary matter, the timing of Plaintiff's request is suspect and suggests that the proposed surreply is merely a stratagem for getting the last word on Path's Motion for Certification. That Motion was fully briefed a month ago. (Dkt. No. 135) ("Reply"). Plaintiff's counsel read Path's Reply when it was filed and corresponded with Path about it. If Plaintiff thought a surreply was necessary, he could have filed his Motion at that time, allowing Path and the Court time to digest it and respond as necessary. Instead, Plaintiff waited a month, and then filed his Motion the evening of August 5, just before the August 7 status conference in this matter.

Plaintiff's justification for his machinations, that Path raised new arguments in its Reply, is wrong. With one exception, Path's Reply responded to the misstatements that Plaintiff offered in opposition. Path did discuss a new case that had come down after Path filed its Opening Brief (Dkt. No. 126) because that case—*De Los Santos v. Millward Brown*, No. 13-80670, 2014 U.S. Dist. LEXIS 88711 (S.D. Fla. June 29, 2014)—further supported Path's position that there is a substantial ground for difference of opinion on the proper interpretation of the phrase "automatic telephone dialing system" ("ATDS") as used in the Telephone Consumer Protection Act ("TCPA"). Path thought it was particularly important to bring the *De Los Santos* case to the Court's attention because the U.S. government weighed in and took a position that also supports the ATDS definition Path advocated for on summary judgment, a position that Path submits was incorrectly rejected in the May 30 Order, and a position that Path seeks to have addressed by the

1

Seventh Circuit. Had Plaintiff limited his proposed Surreply Brief to addressing that new case, Path would not be opposing Plaintiff's Motion. But Plaintiff spent a mere paragraph out of his proposed eleven page brief discussing *De Los Santos*. Surreply at 6. The remainder of the proposed Surreply Brief either merely rehashes arguments previously made in Plaintiff's Opposition (Dkt. No. 130) (including the entire first five pages), or that could have been made in response to Path's Opening Brief. Plaintiff is not entitled to another bite at the apple.

Finally, the Court should deny Plaintiff's Motion because it misrepresents the facts and Path would be unduly prejudiced if such misstatements are the last word on Path's motion.

**ARGUMENT**

"Surreplies . . . are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Thus, "denial of a motion for leave is appropriate when the moving party has already had the opportunity to fully brief the issues." *Jamison v. First Credit Servs.*, 290 F.R.D. 92, 110 n.10 (N.D. Ill. 2013) (citations omitted). That is the case here.

Plaintiff's proposed Surreply Brief starts with an Introduction that merely mischaracterizes the factual record in an attempt to unfairly prejudice Path. It then restates Plaintiff's view that although a majority of opinions are in conflict with the May 30 Order, there are not substantial grounds for disagreement about the Order. Plaintiff then again restates the arguments he made in summary judgment regarding the supposed meaning of FCC dicta and the supposed applicability of the Hobbs Act, which he raised in his Opposition. Finally, the proposed Surreply Brief devotes multiple pages to analyzing cases addressing the ATDS definition that, with the exception of *De Los Santos*, were previously cited in Path's Opening Brief, and previously responded to in Plaintiff's Opposition. There is virtually nothing new.

2

And for good reason: with the exception of the discussion of the *De Los Santos* case, there was virtually nothing new in Path's Reply Brief. "As Courts consistently observe, when arguments raised for the first time in reply fall within the scope of the matters [the opposing party] raised in opposition, and the reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012). Here, Path merely expanded on its original arguments and responded to the points made by Plaintiff in his Opposition:

- In its Opening Brief, Path explained that the issue for certification was whether equipment qualifies as an ATDS under the TCPA if it lacks the capacity to generate random or sequential telephone numbers—the same, and only, purely legal issue that the Court decided on summary judgment. *See* Opening Br. at 2-3. Plaintiff claimed confusion about the issue (Opp. at 4), so Path reiterated it in the Reply Brief in bold print. Reply at 4. Path did not raise anything new by phrasing its well-known position in a single bolded sentence.

- Plaintiff in his Opposition argued that there is no substantial ground for disagreement as to the ATDS definition and that certain FCC Orders "flatly reject" Path's and many other courts' interpretation of the ATDS definition. Opp. at 4, 6 n.4. In response, in a footnote, Path noted the uncontestable fact that there are at least seven petitions pending before the FCC seeking clarification of the ATDS definition. This was well within the scope of properly responding to Plaintiff.

- In its Opening Brief, Path explained that the proper scope of the ATDS definition potentially affects every person and every company that makes calls to cell phones or sends text messages because under the definition adopted in the May 30 Order, any person who uses a smartphone faces potential liability for statutory damages of at least $500 for every call or message they send without prior express consent. Opening Br. at 9. Plaintiff did not dispute this, but instead merely noted that the TCPA does not prohibit ownership of cell phones. Opp. at 8 n.5. Path responded, in a single paragraph, that even though the TCPA does not ban ownership of cell phones, the fear of liability will undoubtedly chill legitimate speech, raising serious constitutional questions. Reply at 6. Again, this was well within a fair response to the Opposition on a point originally made in the Opening Brief.

Thus, three of the four issues Plaintiff claims were newly raised in Path's Reply were well within the scope of the issues Path discussed in its Opening Brief or the arguments Plaintiff made in his Opposition. None is justification to allow Plaintiff another opportunity for further briefing.

Finally, the Court should deny Plaintiff's Motion because it badly misstates the record, and Path would be unfairly prejudiced if such misstatements are the last word on Path's Motion. For example, Plaintiff asserts that Path secretly collected telephone numbers from its users' contact lists and automatically sent them spam text messages. Surreply at 1. This is false, as the record evidence demonstrates. *See* Statement of Undisputed Material Facts in Support of Def. Path, Inc.'s Mot. for Summ. Jdgt. ¶¶ 8-10 (Dkt. No. 76) (reflecting that at time of the text message at issue Path users could choose whether to upload their contacts to Path in order to find other Path users and send invitations to join to non-Path users). Plaintiff also falsely asserts that "Path points to no evidence (nor did it in its summary judgment briefing) suggesting that . . . Judge Der-Yeghiayan's reading of the statutory definition of an ATDS encompasses ordinary smartphones." Surreply at 10. But *Plaintiff's own expert* conceded that under Plaintiff's interpretation—which was adopted by this Court—"'an iPhone fulfills the definition of an ATDS within the TCPA,'" testimony that Path explicitly cited in its summary judgment briefing. Def. Path, Inc.'s Reply In Further Supp. Of Its Mot. For Summ. J. at 8 n.6 (Dkt. No. 102) (quoting testimony of Plaintiff's expert Randall Snyder). Plaintiff even claims that the Court "nowhere stated (or even suggested) that all smartphones are an ATDS." Surreply at 10. But this too is false. *See* Order at 13 ("it would not be an absurd result to find that [a] cell phone user had violated the TCPA"). Indeed, given the capabilities of smartphones and computers, the conclusion that they are ATDS devices is the only one that can be drawn from the Court's

interpretation. These are just a few examples of the many mischaracterizations found in Plaintiff's proposed Surreply Brief.

## CONCLUSION

For the foregoing reasons, Defendant Path, Inc. respectfully requests that the Court DENY Plaintiff's Motion For Leave To File A Surreply.

Date: August 6, 2014

Respectfully submitted,

/s/ David H. Kramer
David H. Kramer
(admitted *pro hac vice*)
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Tonia Ouellette Klausner
(admitted *pro hac vice*)
tklausner@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Steven P. Mandell
smandell@mandellmenkes.com
John David Fitzpatrick
jfitzpatrick@mandellmenkes.com
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, Illinois 60606
Telephone: (312) 251-1000
Facsimile: (312) 251-1010

Attorneys for Defendant Path, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Path, Inc.'s Opposition to Plaintiff's Motion For Leave To File A Surreply In Opposition To Defendant's Motion For Certification Under 28 U.S.C. § 1292(b) was served upon counsel herein named by ECF on August 6, 2014.

>Mr. Jay Edelson
>Mr. Rafey S. Balabanian
>Mr. Ari J. Scharg
>Mr. David I. Mindell
>Mr. Benjamin H. Richman
>Mr. John C. Ochoa
>Mr. Mark S. Eisen
>EDELSON P.C.
>350 North LaSalle
>Suite 1300
>Chicago, IL 60654

 /s/ *David H. Kramer*
David H. Kramer