UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN STERK, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

PATH, INC.,

    Defendant.

No. 13 CV 2330

Judge Manish S. Shah

## ORDER

Defendant's motion for certification under 28 U.S.C. § 1292(b) [124] is granted.

## STATEMENT

Kevin Sterk filed this putative class action against Path, Inc., alleging that defendant sent text messages to consumers without their prior express consent using an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act. 47 U.S.C. § 227. The parties conducted limited discovery on the issue of whether Path used an "automatic telephone dialing system" as defined by law. Ultimately, the parties concluded that there were no material factual disputes and filed cross-motions for summary judgment.

Path argued that its equipment did not have the "capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (the statutory definition of automatic telephone dialing system). Sterk countered that an automatic telephone dialing system includes equipment that "automatically dials numbers from a stored list without human intervention," relying on final FCC orders implementing the TCPA. *E.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14091–92 (2003). Sterk argued that Path's equipment, even though it did not have the capacity to store or produce numbers using a random or sequential number generator, automatically dialed numbers from a stored list without human intervention, and therefore was covered equipment under the statute and its implementing regulations. The court (Judge Der-Yeghiayan, presiding) agreed with Sterk, granted

his motion for summary judgment, and denied Path's motion for summary judgment. [122].

Within two weeks, Path filed a motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). While that motion was being briefed by the parties, this case was reassigned to me. As I explain below, I conclude that each element of § 1292(b) has been met. Whether equipment that does not have the capacity to store or produce numbers using a random or sequential number generator, but does have the capacity to dial numbers from a stored list automatically without human intervention, is an "automatic telephone dialing system" is a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal may materially advance the ultimate termination of the litigation, and Path timely made its request.

***Controlling Question of Law***. Throughout this litigation, the parties have agreed that the definition of an automatic telephone dialing system was critical to the merits of Sterk's claim. If Path's equipment was not such a system, Sterk has no case. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie–Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). If the court's ruling on summary judgment were reversed, this case would be over.[1] If the court's ruling were affirmed, the parties will necessarily engage in class certification discovery, along with additional discovery (including of third parties) over the nature of Path's equipment and potential factual issues surrounding "human intervention" or lack thereof in the case. The course of the litigation depends on the interpretation of automatic telephone dialing system.

The FCC has said that the capacity to dial numbers without human intervention is the basic function of an autodialer. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 566 (2008). Sterk argues that the FCC's statement is its holding, and binds the district courts. *See CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 447–48 (7th Cir. 2010). Path argues that the statute requires a different capacity, the capacity to store or produce numbers using a number generator, and it would not be inconsistent with the FCC's decisions to require this capacity *in addition to* the dialing-without-human-intervention concept adopted by the agency. This debate, resolved at summary judgment in favor of Sterk and against Path, is a legal question.

---

[1] Sterk argues that there is an alternative theory of liability that would not be resolved by an appeal at this time, namely, whether Path's text messages constituted artificial or prerecorded voices. *See* 27 U.S.C. § 227(b)(1)(A). But this separate statutory basis for a TCPA violation was never mentioned in Sterk's complaint, and it is too late for Sterk to assert such a claim in this litigation.

The question is controlling and legal, but it is also obscure and narrow. An appellate decision here has little prospect of general application beyond this arcane area of law. I have considered whether this is the kind of "abstract legal question" the court of appeals has identified as the object of § 1292(b), and I find that it is. This case is about "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). The summary judgment decision was an act of interpretation, not merely the application of legal provisions. *See In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 625 (7th Cir. 2010). There is a factual record, but these summary judgment motions were not fact-dependent. The interpretation of the Telephone Consumer Protection Act together with the FCC's implementing regulations does not present a factual contest, and the summary judgment record in this case is rather slim.

***Contestable***. Plaintiff's main objection to certification is that the question is not contestable. In Sterk's view, the FCC's language—dialing stored numbers without human intervention—is all that is required for a system to fall under the TCPA, and there can be no contest about that because *CE Design*, 606 F.3d 443, and the Hobbs Act, 28 U.S.C. § 2342, preclude any challenge to the validity of the FCC's interpretation. But plaintiff's argument about the FCC's decisions is incomplete. In describing the dialing-without-human-intervention concept, the FCC has "emphasized that [the statutory] definition covers any equipment that has the specified *capacity to generate numbers and* dial them without human intervention…." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 15391, 15399 n.5 (2012) (emphasis added). While this court has no jurisdiction to question the validity of the FCC's rulings, Path's argument is consistent with the FCC's 2012 decision. There is room to debate the meaning of the FCC decisions and what kind of number-generation capacity is required under the statute.

This "capacity" issue has been identified by other district courts, such as *Dominguez v. Yahoo!, Inc.*, 2014 WL 1096051 (E.D. Pa. 2014), *Griffith v. Consumer Portfolio Serv., Inc.*, 838 F.Supp.2d 723 (N.D. Ill. 2011), and *Gragg v. Orange Cab Co., Inc.*, 2014 WL 494862 (W.D. Wash. 2014), with conflicting results. There are also several petitions pending before the FCC seeking clarification of its decisions. The question is being contested on multiple fronts. I note that it is possible that any contest over the interpretation of FCC rulings ought to occur only before the agency (and any appeals taken from agency action), but nevertheless, district courts are in fact facing this question repeatedly. There is conflict among the lower courts.

In another TCPA case, involving a different statutory element but also relating to FCC orders, a court found that there was substantial ground for a difference of opinion where one party's interpretation was plausible and the Seventh Circuit had not yet addressed the question. *Thrasher-Lyon v. CCS*

*Commercial, LLC*, 2012 WL 5389722 *3 (N.D. Ill. 2012). So too here, and I find *Thrasher-Lyon*'s approach to the contestability issue persuasive.

*__Materially Advance the Litigation__*. An immediate appeal may materially advance the resolution of the case. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). There are no other grounds for relief pleaded by Sterk (see footnote 1, above). If Path's interpretation prevails, the case will be over, and will prevent costly litigation over class certification. That prospect is sufficient to satisfy this element of § 1292(b). *Id.*

Finally, Path's motion was timely, filed within two weeks of the order it seeks to appeal.

Path's motion is granted. Path has ten days from the entry of this order to petition the court of appeals to accept its appeal. A status hearing in this case is set for October 2, 2014, and the parties can address the prospect of staying proceedings in the district court at that time.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 8/8/14